In the Matter of the Application of C. MILTON FOREMAN, Petitioner, for an Order of Certiorari Directed against CLINTON M. FLINT, Mayor, and Others, Trustees, as and Constituting the Board of Trustees of the Village of Freeport, N. Y., Respondents, to Review an Assessment upon His Property for the Construction of a Cement Sidewalk in Front Thereof and Adjoining the Same.

Second Department, January 9, 1931.

*Alfred T. Davison [Alex. R. Jones* with him on the brief], for the petitioner.

*Hilbert R. Johnson,* for the respondents.

KAPPER, J. The petition shows that the village trustees assessed the petitioner's land in the sum of $1,848.87 for the construction of a cement sidewalk in front of and adjoining said property. It is alleged that the assessment is illegal by reason of a non-compliance with section 161 of the Village Law (as amd. by Laws of 1927, chap. 650).

Section 161 of the Village Law empowers the board of trustees to construct and repair sidewalks at the expense of the owner of the adjoining land and to prescribe the manner of doing such work and the kind of materials to be used. The section further provides that " a notice specifying the place and manner, and the time, not less than ten days, in case of a new walk, or not less than twenty-four hours in case of repairs, *within which* the sidewalk is required to be constructed or repaired, shall be served upon such owners

or occupants." It is further provided that if the owner does not construct or repair the sidewalk " as required by the notice, the board of trustees may cause the same to be so constructed or repaired and assess the expense thereof upon the adjoining land."

The notice given to the petitioner to construct the sidewalk reads as follows:

" C. MILTON FOREMAN,
   " Freeport, New York.

   " Take Notice that by resolution of the Board of Trustees of the Incorporated Village of Freeport, New York, and pursuant to Section 161 of the Village Law, you are hereby required within ten days, after the day of the service of this notice upon you to construct, wholly at your expense, a cement sidewalk, four (4) feet in width, in front of your premises, owned or occupied by you, on the southerly side of Commercial Street, in the Incorporated Village of Freeport, aforesaid, more particularly bounded and described as follows:

"All that certain piece or parcel of land, situate in the Village of Freeport, Nassau County, New York, and being approximately fourteen hundred sixty-four and fifteen one hundredths (1464.15) feet on the southerly side of Commercial Street, bounded on the north by said Commercial Street, east by land of Trautman, south by New York City Water Works property and west by Henry Street.

   " In Default of such construction, in compliance with this notice, within the time above specified, the Board of Trustees of said Incorporated Village of Freeport, New York, will cause said sidewalk to be so constructed and will assess the expense thereof upon the land adjoining such sidewalk, to you, in accordance with the provisions of the Village Law, in relation thereto.
" Dated, FREEPORT, NEW YORK, *August* 25, 1927.
                              " CLINTON M. FLINT,
" (Corporate Seal)    *Mayor Incorporated Village of Freeport, N. Y.*
"Attest:
" HOWARD E. PEARSALL,
    " *Village Clerk — Incorporated Village of*
       *Freeport, N. Y."*

The petitioner did nothing under this notice. Four weeks later the board of trustees directed the village clerk to secure bids to construct sidewalks not alone in front of petitioner's property but other properties; and on October 21, 1927, the trustees awarded the contract for the laying of these sidewalks. On August 10, 1928, a public hearing was held on the matter of the special assessments

for these sidewalks, petitioner appearing by counsel and filing written objections to the assessments " on the grounds that no notice, as required by section 161 of the Village Law was ever served upon or given to the owner or occupant of said properties or to anyone for or on their behalf, the only notice having been served, purporting to be pursuant to section 161 of the Village Law, not specifying a time, not less than ten days, within which the sidewalk was required to be constructed." The objections were overruled, and thereupon the board of trustees confirmed the assessments as levied.

The record also shows that on July 8, 1927, the village trustees approved a resolution " that all owners of property on both sides of Broadway between Main Street and Columbus Avenue and all owners of property on both sides of Commercial Street between Henry Street and Rutland Road, who have not constructed cement sidewalks in front of their respective premises, be ordered to construct a cement sidewalk, to be of a width of four feet, in front of their respective properties, wholly at the expense of said property owners, and that notice of this resolution be served upon such property owners in conformity with the provisions of the Village Law."

Commercial street is the petitioner's street, and it is to be observed that the petitioner was not discriminated against, other property owners being likewise directed to construct sidewalks fronting on their property.

The only question before us relates to the sufficiency of the notice to petitioner to construct. The words of the statute are that the notice shall specify the time *within which the sidewalk is required to be constructed*, which time shall be " not less than ten days." The notice served required the petitioner to construct this sidewalk " within ten days, after the day of the service of this notice upon you."

The petitioner says that the phrase " within ten days " means *less* than ten days, and hence the notice given to him did not mean the same as the statutory words, and moreover did not afford him " even the minimum time provided for in section 161 of the Village Law." This is not a case where the petitioner commenced construction and found himself unable to complete within the time specified, but is one of wholly ignoring the notice because of its alleged insufficiency. No question is presented by this record to indicate that the notice was unreasonable in its requirement as to the time fixed for laying the walk. And if the record did indicate such a situation, I doubt whether we could reach it. The Village Law was enacted by the Legislature. That body determined to vest the power in the board of trustees to fix the minimum period

for completion of a new sidewalk. It may be that under the statute the board could place a maximum period of time upon the doing of the work, but the language of the statute does not require it. It may be, too, that had the petitioner's grievance been a claim of an insufficiency of time, the board might, upon his application, have given him additional time reasonably to carry out the village's requirements. This was not the petitioner's attitude. All he ever claimed, and that was long after the sidewalk had been laid and the assessment about to be imposed, was that because of an improper notice the assessment could not legally be placed upon his property.

Assuming, therefore, that the village had the power, in the circumstances, to direct the petitioner to construct this sidewalk in ten days, the question is whether a notice to so construct " within ten days, after the day of the service of this notice upon you," is the equivalent of a notice to so construct in the ten days' statutory period of time. I think it is. The notice is not to construct " within ten days," stopping there, but it is " within ten days, after the day of the service of this notice upon you " (the petitioner). The word " within " as used in the notice must be construed to have given the petitioner " not less than ten days " in which to do the work. "A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made." (Gen. Const. Law, § 20, as amd. by Laws of 1910, chap. 347.) In construing the words " not less than " a specified number of days in a statute as the period of time for the doing of an act, the day of giving the notice has been excluded and the fixation of the date as the time for its being done has been counted as the full final day. (*Kane* v. *City of Brooklyn*, 114 N. Y. 586, 594.) Where, also, jurors are to be drawn " not less than fourteen nor more than twenty days before the day appointed for holding each trial term," a panel drawn on the second day of March for a term of court appointed to be held on the sixteenth day of March complies with the statute. (*People* v. *Burgess*, 153 N. Y. 561, 572.) The court in the case last cited, after quoting the provisions of the " Statutory Construction Law " (now General Construction Law), say (p. 573): " It will be observed, upon referring to the statute, that the day to be excluded in making the reckoning is the day of the specified event, from which the days, weeks or months are to be counted. In this case the specified event from which the count is to be made is the day appointed for the commencement of the

term of court. It will be remembered that the drawing must take place not less than fourteen days before the day appointed for the holding of the term, so it is from that day that the fourteen days are to be counted. That day, under the construction act, must, therefore, be the day excluded; and, in making the count back from that time, the day on which the required act was performed, we think, may properly be included. It follows that the challenge of the panel was properly overruled."

I am, therefore, of opinion that when a notice is given to do the thing required " within " a specified number of days after the date of service of the notice, the person so notified is given " not less than " the specified number of days to perform.

The determination of the board of trustees of the village of Freeport should be confirmed, without costs, and the certiorari proceeding dismissed.

Present — LAZANSKY, P. J., KAPPER, CARSWELL, SCUDDER and TOMPKINS, JJ.

Determination of the board of trustees of the village of Freeport, New York, unanimously confirmed, without costs, and certiorari proceeding dismissed.